**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JAZMIN ALEXANDER, et al.,**

**Plaintiffs,**

**v.** **Case No. 25-CV-484**

**RAPID ACTION LLC, et al.,**

**Defendants.**

---

# ORDER

---

1. A Telephone Hearing was held on September 14, 2026, at 9:30 a.m. on Defendant Rapid Action LLC's Rule 7(h) Expedited Non-Dispositive Motion to Stay Certain Deadlines (ECF 32). Through the motion, Defendant's counsel informed the Court that they had not been able to reach Plaintiffs' counsel, Mr. Johnston, by email or telephone for several months.

2. Notice of the hearing was issued on September 2, 2026 via ECF. Mr. Johnston did not appear for the September 14, 2026, Telephone Hearing.

3. As this case cannot proceed without Plaintiffs' counsel's participation, Mr. Johnston must show cause why dismissal of the action without prejudice is not appropriate. Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

   > If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

> claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.
>
> Fed. R. Civ. P. 41(b).

4. Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)– (vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference…or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A)(ii)–(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Fed. R. Civ. P. 37(b)(2)(A) (ii)–(vii).

5. In addition, Civil L.R. 41(c) further provides:

> **Dismissal for Lack of Diligence**. Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice.

Based upon the foregoing, it is hereby **ORDERED** that:

1. On or before September 21, 2026, attorney Rod M. Johnston shall show cause in writing why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b), and Civil L.R. 41(c); and
2. All pending deadlines are removed and held in abeyance pending resolution on this Order to Show Cause.

Dated at Green Bay, Wisconsin this 14th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge